Receipt number BUSFCC-9450826

## UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| FACTOR2 MULTIMEDIA SYSTEMS, LLC<br>5802 ORCHARD HILL LANE<br>CLIFTON, VIRGINIA 20124<br>                Plaintiff<br>   v.<br><br>UNITED STATES OF AMERICA<br>                Defendant | Civil Action No. **24-475 C** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Factor2 Multimedia Systems, LLC, by its undersigned counsel, alleges as follows for its Complaint against Defendant Snap Inc. ("Snap" or "Defendant").

### THE NATURE OF THIS ACTION

1.      Factor2 brings this action against The United States Government pursuant to 28 USC §1498(a) and  35 U.S.C. §101 et. seq. and §§271, 281, 283 & 285 inclusive, for reasonable and entire compensation for the United States Government's infringement of six patents owned by Plaintiff Factor2, U.S. Patent Nos.

> 8,281,129 "Direct Authentication System and Method Via Trusted Authenticators,"
> 9,703,938 "Direct Authentication System and Method Via Trusted Authenticators,"
> 9,727,864 "Centralized Identification and Authentication System and Method,"
> 9,870,453 "Direct Authentication System and Method Via Trusted Authenticators,"
> 10,083,285 "Direct Authentication System and Method Via Trusted Authenticators" and
> 10,769,297 "Centralized Identification and Authentication System and Method."

Collectively the Patents-in-Suit.  Defendants have infringed the Patents-in-Suit, thereby necessitating this lawsuit.

2.      Defendant practices the method claims and makes, uses, develops, offers to sell, and sells and charge access to the accused Apparatus which infringes system and apparatus claims and practices the method claims,  throughout the United States. The Apparatus includes

authentication that directly infringes the system and method claims of the Patents-in-Suit. The Apparatus includes a system that includes all of the elements of the claimed system and apparatus claims and that performs all of the method claims, and or utilizes a separate system for authentication that includes all of the elements of the system and apparatus claims and that performs all of the method claims. Defendant's "use" of a built in or separate system directly infringes the claims of the Patents-in-Suit. Defendant's inducement of others to authenticate using a system and/or method that infringes the claims of the Patents-in-Suit indirectly infringes the claims of the Patents-in -Suit. Defendant's contribution of elements of the infringing system indirectly infringes by contributing to infringement.

## THE PARTIES

3.      Plaintiff is a Virginia corporation having an address located at 5802 Orchard Hill Ln, Clifton, VA 20124-1061. Plaintiff is the owner of the Patents-in-Suit by assignment.

4.      Defendant is the United States of America, acting through its various agencies including, but not limited to, the Department of Commerce and the United States Patent and Trademark Office.

## JURISDICTION AND VENUE

5.      This is an action for patent infringement arising under the laws of the United States, 35 U.S.C. §271 et seq.

6.      This Court has subject matter jurisdiction over this action pursuant to 35 U.S.C. §§271, 281 and 28 U.S.C. §§1491 and 1498(a).

7.      This Court has personal jurisdiction and venue over Defendant under 28 U.S.C. §§1491 and 1498(a).

## BACKGROUND AND GENERAL ALLEGATIONS

8.      Factor2 is the current assignee of the Patents-in-Suit

9.      Defendant provides and uses the Accused Apparatus, practices the method claims, induces others to practice the method claims and contributes to the practice of the method claims.

10.     The Accused Apparatus uses a system and method for authentication that infringes claims of each of the Patents-in-Suit.

## THE PATENTS-IN-SUIT

11.     On October 2nd, 2012, United States Patent No. 8,281,129 titled "Direct Authentication System And Method Via Trusted Authenticators," was duly and legally issued by the United States Patent and Trademark Office ("USPTO"). The '129 Patent claims patent-eligible subject matter and is valid and enforceable. Factor2 is the exclusive owner by assignment of all rights, title, and interest in the '129 Patent, including the right to bring this suit for damages, and including the right to sue and recover all past, present, and future damages for infringement of the '129 Patent. Defendant is not licensed to the '129 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '129 patent whatsoever. A true and correct copy of the '129 Patent is attached hereto as **Exhibit A**.

12.     On July 11th, 2017, United States Patent No. 9,703,938 titled "Direct Authentication System And Method Via Trusted Authenticators" was duly and legally issued by the United States Patent and Trademark Office ("USPTO"). The '938 Patent claims patent-eligible subject matter and is valid and enforceable. Factor2 is the exclusive owner by assignment of all rights, title, and interest in the '938 Patent, including the right to bring this suit for damages, and including the right to sue and recover all past, present, and future damages for

infringement of the '938 Patent. Defendant is not licensed to the '938 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '938 patent whatsoever. A true and correct copy of the '938 Patent is attached hereto as **Exhibit B**.

13.    On July 19th, 2017, United States Patent No. 9,727,864 titled "Centralized Identification and Authentication System and Method" was duly and legally issued by the United States Patent and Trademark Office ("USPTO"). The '864 Patent claims patent-eligible subject matter and is valid and enforceable. Factor2 is the exclusive owner by assignment of all rights, title, and interest in the '864 Patent, including the right to bring this suit for damages, and including the right to sue and recover all past, present, and future damages for infringement of the '864 Patent. Defendant is not licensed to the '864 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '864 patent whatsoever. A true and correct copy of the '864 Patent is attached hereto as **Exhibit C**.

14.    On December 27th, 2017, United States Patent No. 9,870,453 titled "Direct Authentication System and Method Via Trusted Authenticators," was duly and legally issued by the United States Patent and Trademark Office ("USPTO"). The '453 Patent claims patent-eligible subject matter and is valid and enforceable. Factor2 is the exclusive owner by assignment of all rights, title, and interest in the '453 Patent, including the right to bring this suit for damages, and including the right to sue and recover all past, present, and future damages for infringement of the '453 Patent. Defendant is not licensed to the '453 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '453 patent whatsoever. A true and correct copy of the '453 Patent is attached hereto as **Exhibit D**.

15.    On September 5th, 2018, United States Patent No. 10,083,285 titled "Direct Authentication System and Method Via Trusted Authenticators," was duly and legally issued by

the United States Patent and Trademark Office ("USPTO"). The '285 Patent claims patent-eligible subject matter and is valid and enforceable. Factor2 is the exclusive owner by assignment of all rights, title, and interest in the '285 Patent, including the right to bring this suit for damages, and including the right to sue and recover all past, present, and future damages for infringement of the '285 Patent. Defendant is not licensed to the '285 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '285 patent whatsoever. A true and correct copy of the '285 Patent is attached hereto as **Exhibit E**.

16.      On August 19th, 2020, United States Patent No. 10,769,297 titled "Centralized Identification and Authentication System and Method." was duly and legally issued by the United States Patent and Trademark Office ("USPTO"). The '297 Patent claims patent-eligible subject matter and is valid and enforceable. Factor2 is the exclusive owner by assignment of all rights, title, and interest in the '297 Patent, including the right to bring this suit for damages, and including the right to sue and recover all past, present, and future damages for infringement of the '297 Patent. Defendant is not licensed to the '297 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '297 patent whatsoever. A true and correct copy of the '297 Patent is attached hereto as **Exhibit F**.

17.      Each patent is a member of the same patent family.

18.      The claims of the '297 patent are representative the family of patents and are directed to "An authentication system for enhancing computer network security."   Claim 1 of the '297 patent recites:

Claim 1. An authentication system for enhancing computer network security by authenticating a user in an electronic communication between a computing device of the user and an online computer system, the authentication system comprising one or more computing devices configured to perform operations comprising:
            while the online computer system is connected to the computing device of

the user via a communication network, electronically receiving a request for a SecureCode;

 generating the SecureCode;

 while the online computer system is connected to the computing device of the user via the communication network, electronically providing to the user the SecureCode in response to the request for the SecureCode, wherein:

 the SecureCode is invalid after a predetermined time passes,

 the SecureCode is invalid after one use of the SecureCode for authentication, and

 the SecureCode is only valid for authenticating the user; and

 while the online computer system is connected to the computing device of the user via the communication network, electronically receiving from the online computer system a digital authentication request for authenticating the user, wherein:

 the digital authentication request comprises a digital identity of the user, and

 the digital identity includes the SecureCode; and

 while the online computer system is connected to the computing device of the user via the communication network, authenticating the user by evaluating a validity of the SecureCode included in the digital authentication request.

19. Method claims of the '129 Patent are also representative of the method claims of

the Patents-in-suit.  Claim 1 of the '129 patent recites:

Claim 1 A computer implemented method to authenticate an individual in communication with an entity over a communication network during a communication between the entity and the individual, the computer implemented method comprising:

 receiving electronically a request for a dynamic code for the individual, which request is received from the individual by a trusted-authenticators computer during an authentication of the individual by the entity:

 calculating by the trusted-authenticators computer the dynamic code for the individual in response to the request during the authentication of the individual by the entity, wherein the dynamic code is valid for a predefined time and becomes invalid after being used;

 sending by the trusted-authenticator's computer electronically the dynamic code to the individual during the authentication of the individual by the entity:

 receiving by the trusted-authenticator's computer electronically an authentication request from the entity to authenticate the individual based on a user information and the dynamic code included in the authentication request, wherein the entity receives the user information and the dynamic code from the individual; and

 authenticating by the trusted-authenticator's computer an identity of the individual based on the user information and the dynamic code included in the authentication request, wherein the result of the authentication is provided to the

entity.

## INFRINGEMENT

20.     Defendant makes and provides the Accused System and Apparatus which as referenced herein includes the system which provides access two factor authenticated access to: USPTO.gov; MyUSPTO; MyUSPTO account;  Patent Electronic System; EFS-Web;  PAIR; and Patent Center, including the "2stable" app.  and distributes content and authenticates users on the USPTO site, the Accused Product infringes at least one claim of each of the Patents-in-Suit.

21.     Defendant has, under 35 U.S.C. §271(a), directly infringed, literally and/or under the doctrine of equivalents, one or more claims of the patents-in-suit, by making, using, testing, selling, offering for sale and/or importing into the United States Defendants' Accused Products.

22.     Defendant also indirectly infringes the patents-in-suit by actively inducing the direct infringement by third parties under 35 U.S.C. §271(b). Defendant has knowingly and intentionally actively induced others to directly infringe at least one claim of the patents-in-suit by providing software through which its customers practice the claimed methods and by providing infringing systems used by its customers, including USPTO attorneys and applicants, staff and other suers throughout the United States.  Defendant continues to induce infringement of the patents-in-suit.

23.     Defendant has contributorily infringed and continues to contributorily infringe under 35 U.S.C. §271(c) because, with knowledge of the patents-in-suit, they supply a material part of an infringing method and/or system, where the material part is not a staple article of commerce, and is incapable of substantial noninfringing use. Defendant contributes to its customers' infringement because, with knowledge of the patents-in-suit, Defendant supplies the technology that allows its customers to infringe the patent, including allowing Defendant's

customers to practice the method claims.

24.     Plaintiff has conducted a detailed analysis, establishing and confirming that Defendants' Accused Products directly infringe, contribute to, and induce infringement and when used according to Defendants' instructions for operation, indirectly infringe claims of the Patents-in-Suit.

25.     The accused products satisfy the elements of the asserted claims, shown below is an example of the authentication system of The USPTO which infringes claim 1 of the '297 patent:

> 1. An authentication system for enhancing computer network security by authenticating a user in an electronic communication between a computing device of the user and an online computer system, the authentication system comprising one or more computing



devices configured to perform operations comprising:

while the online computer system is connected to the computing device of the user via a communication network, electronically receiving a request for a SecureCode;



generating the Secure Code;  *(the system generates a code and send it in an email)*

while the online computer system is connected to the computing device of the user via the communication network, electronically providing to the user the SecureCode in response to the request for the SecureCode, wherein:



the SecureCode is invalid after a predetermined time passes,  *(twenty minutes for the USPTO)*

the SecureCode is invalid after one use of the SecureCode for authentication, and
*(The USPTO Authentication Code only works one time.  The user needs a new code to login again.)*

the SecureCode is only valid for authenticating the user; and *(The user to whom the code is issued has been identified by his registered login email and password)*



while the online computer system is connected to the computing device of the user via the communication network, electronically receiving from the online computer system a digital authentication request for authenticating the user, wherein:
the digital authentication request comprises a digital identity of the user, and
the digital identity includes the SecureCode; and





while the online computer system is connected to the computing device of the user via the communication network, authenticating the user by evaluating a validity of the SecureCode included in the digital authentication request.



26.    Upon information and belief, Defendants have directly infringed one or more of the claims of the Patents-in-Suit under 35 USC 271(a):

(a) Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.

by engaging in accused activity including making, using, distributing, offering to sell, selling and importing accused products in the United States.

27.    Upon information and belief, Defendants have indirectly infringed one or more of the claims of the Patents-in-suit under 35 USC §271(b):

(b) Whoever actively induces infringement of a patent shall be liable as an infringer.

by providing accused products, with instructions, which are used to practice the patented methods according to the instructions and thereby inducing others to use the products in an infringing manner.

28.     Upon information and belief, Defendants have indirectly infringed one or more of the claims of the patents-in suit under 35 USC §271(c):

> (c) Whoever offers to sell or sells within the United States or imports into the United States . . . or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer.

by providing accused products, and other components and supplies, which are combined to form an infringing system and/which infringe the claims of the patents-in-suit, Defendants contribute to the infringement of the patents-in-suit.

29.     As a result of Defendants' infringement of the Patents-in-Suit, Plaintiff has suffered damages in an amount not yet determined, of at least a reasonable royalty.

## COUNT I
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,281,129

30.     The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

31.     Defendant has infringed, at least claims 1-52 of the '129 Patent, under 35 U.S.C. § 271(a), by making, using, offering to sell, selling and importing the Accused Products in the United States.

32.     Neither Defendant nor its customers have a license or authority to use the '129 Patent.

33.     As a result of Defendant's infringement of the '129 Patent, Plaintiff has suffered damages in an amount not yet determined, of at least a reasonable royalty.

## COUNT II
## INDIRECT INDUCED INFRINGEMENT OF U.S. PATENT NO. 8,281,129

34.     The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

35.     Defendant has indirectly infringed claims 1-52 of the '129 patent under 35 USC §271(b) by inducing others to perform the method and use the system claimed in the '129 patent which infringes the claims of the '129 patent, thus inducing the infringement of the '129 patent by others.

36.     Neither Defendant nor its customers have a license or authority to use the '129 Patent.

37.     As a result of Defendant's infringement of the '129 Patent, Plaintiff has suffered damages in an amount not yet determined, of at least a reasonable royalty.

## COUNT III
## INDIRECT CONTRIBUTORY INFRINGEMENT OF U.S. PATENT NO. 8,281,129

38.     The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

39.     Defendant has indirectly infringed claims 1-52 of the '129 patent under 35 USC §271(c) by providing accused products, and components and supplies, which are used as components of infringing systems which infringe the claims of the '129 patent, thus contributing to the infringement of the '129 patent.

40.     Neither Defendant nor its customers have a license or authority to use the '129 Patent.

41.     As a result of Defendant's infringement of the '129 Patent, Plaintiff has suffered

damages in an amount not yet determined, of at least a reasonable royalty.

## COUNT IV
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 9,703,938

42.    The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

43.    Defendant has infringed, at least claims 1-26 of the '938 Patent, under 35 U.S.C. § 271(a), by making, using, offering to sell, selling and importing the Accused Products in the United States.

44.    Neither Defendant nor its customers have a license or authority to use the '938 Patent.

45.    As a result of Defendant's infringement of the '938 Patent, Plaintiff has suffered suffer damages in an amount not yet determined, of at least a reasonable royalty.

## COUNT V
## INDIRECT INDUCED INFRINGEMENT OF U.S. PATENT NO. 9,703,938

46.    The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

47.    Defendant has indirectly infringed claims 1-26 of the '938 patent under 35 USC §271(b) by inducing others to perform the method and use the system claimed in the '938 patent which infringes the claims of the '938 patent, thus inducing infringement of the '938 patent by others.

48.    Neither Defendant nor its customers have a license or authority to use the '938 Patent.

-14-

49.     As a result of Defendant's infringement of the '938 Patent, Plaintiff has suffered suffer damages in an amount not yet determined, of at least a reasonable royalty.

## COUNT VI
## INDIRECT CONTRIBUTORY INFRINGEMENT OF U.S. PATENT NO. 9,703,938

50.     The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

51.     Defendant has indirectly infringed claims 1-26 of the '938 patent under 35 USC §271(c) by providing accused products, and components and supplies, which are used as components of infringing systems which infringe the claims of the '938 patent, thus contributing to the infringement of the '938 patent.

52.     Neither Defendant nor its customers have a license or authority to use the '938 Patent.

53.     As a result of Defendant's infringement of the '938 Patent, Plaintiff has suffered suffer damages in an amount not yet determined, of at least a reasonable royalty.

## COUNT VII
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 9,870,453

54.     The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

55.     Defendant has infringed, at least claims 1-26 of the '453 Patent, under 35 U.S.C. § 271(a), by making, using, offering to sell, selling and importing the Accused Products in the United States.

56.     Neither Defendant nor its customers have a license or authority to use the '453

Patent.

57.     As a result of Defendant's infringement of the '453 Patent, Plaintiff has suffered damages in an amount not yet determined, of at least a reasonable royalty.

## COUNT VIII
## INDIRECT INDUCED INFRINGEMENT OF U.S. PATENT NO. 9,870,453

58.     The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

59.     Defendant has indirectly infringed claims 1-26 of the '453 patent under 35 USC §271(b) by inducing others to perform the method and use the system claimed in the '453 patent which infringes the claims of the '453 patent, thus inducing infringement of the '453 patent by others.

60.     Neither Defendant nor its customers have a license or authority to use the '453 Patent.

61.     As a result of Defendant's infringement of the '453 Patent, Plaintiff has suffered damages in an amount not yet determined, of at least a reasonable royalty.

## COUNT IX
## INDIRECT CONTRIBUTORY INFRINGEMENT OF U.S. PATENT NO. 9,870,453

62.     The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

63.     Defendant has indirectly infringed claims 1-26 of the '453 patent under 35 USC §271(c) by providing accused products, and components and supplies, which are used as components of infringing systems which infringe the claims of the '453 patent, thus contributing

to the infringement of the '453 patent.

64.      Neither Defendant nor its customers have a license or authority to use the '453 Patent.

65.      As a result of Defendant's infringement of the '453 Patent, Plaintiff has suffered damages in an amount not yet determined, of at least a reasonable royalty.

## COUNT X
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 10,083,285

66.      The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

67.      Defendant has infringed, at least claims 1-30 of the '285 Patent, under 35 U.S.C. § 271(a), by making, using, offering to sell, selling and importing the Accused Products in the United States.

68.      Neither Defendant nor its customers have a license or authority to use the '285 Patent.

69.      As a result of Defendant's infringement of the '285 Patent, Plaintiff has suffered damages in an amount not yet determined, of at least a reasonable royalty.

## COUNT XI
## INDIRECT INDUCED INFRINGEMENT OF U.S. PATENT NO. 10,083,285

70.      The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

71.      Defendant has indirectly infringed claims 1-30 of the '285 patent under 35 USC §271(b) by inducing others to perform the method and use the system claimed in the '285 patent

which infringes the claims of the '285 patent, thus inducing the infringement of the '285 patent
by others.

72.     Neither Defendant nor its customers have a license or authority to use the '285
Patent.

73.     As a result of Defendant's infringement of the '285 Patent, Plaintiff has suffered
damages in an amount not yet determined, of at least a reasonable royalty.


## COUNT XII
## INDIRECT CONTRIBUTORY INFRINGEMENT OF U.S. PATENT NO. 10,083,285

74.     The allegations of each of the paragraphs above are hereby re-alleged and
incorporated herein by reference.

75.     Defendant has indirectly infringed claims 1-30 of the '285 patent under 35 USC
§271(c) by providing accused products, and components and supplies, which are used as
components of infringing systems which infringe the claims of the '285 patent, thus contributing
to the infringement of the '285 patent.

76.     Neither Defendant nor its customers have a license or authority to use the '285
Patent.

77.     As a result of Defendant's infringement of the '285 Patent, Plaintiff has suffered
damages in an amount not yet determined, of at least a reasonable royalty.


## COUNT XIII
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 10,769,297

78.     The allegations of each of the paragraphs above are hereby re-alleged and
incorporated herein by reference.

79.     Defendant has infringed, at least claims 1-29 of the '297 Patent, under 35 U.S.C. § 271(a), by making, using, offering to sell, selling and importing the Accused Products in the United States.

80.     Neither Defendant nor its customers have a license or authority to use the '297 Patent.

81.     As a result of Defendant's infringement of the '297 Patent, Plaintiff has suffered damages in an amount not yet determined, of at least a reasonable royalty.

## COUNT XIV
## INDIRECT INDUCED INFRINGEMENT OF U.S. PATENT NO. 10,769,297

82.     The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

83.     Defendant has indirectly infringed claims 1-29 of the '297 patent under 35 USC §271(b) by inducing others to perform the method and use the system claimed in the '297 patent which infringes the claims of the '297 patent, thus inducing the infringement of the '297 patent by others.

84.     Neither Defendant nor its customers have a license or authority to use the '297 Patent.

85.     As a result of Defendant's infringement of the '297 Patent, Plaintiff has suffered damages in an amount not yet determined, of at least a reasonable royalty.

**COUNT XV**
**INDIRECT CONTRIBUTORY INFRINGEMENT OF U.S. PATENT NO. 10,769,297**

86.     The allegations of each of the paragraphs above are hereby re-alleged and
incorporated herein by reference.

87.     Defendant has indirectly infringed claims 1-29 of the '297 patent under 35 USC
§271(c) by providing accused products, and components and supplies, which are used as
components of infringing systems which infringe the claims of the '297 patent, thus contributing
to the infringement of the '297 patent.

88      Neither Defendant nor its customers have a license or authority to use the '297
Patent.

89.     As a result of Defendant's infringement of the '297 Patent, Plaintiff has suffered
damages in an amount not yet determined, of at least a reasonable royalty.

**PRAYER FOR RELIEF**

A.      For a judgement declaring that Defendant has infringed each of the Patents-in-
Suit.

B.      For a judgment awarding Plaintiff compensatory damages as a result of
Defendant's infringement sufficient to reasonably and entirely compensate Plaintiff for
infringement of the Patents-in-Suit in an amount to be determined;

C.      For a judgment awarding Plaintiff its expenses, costs and attorneys' fees in
accordance with 28 U.S.C. §1498  and Rule 54(d) of the Federal Rules of Civil Procedure;

D.      For a judgment awarding Plaintiff prejudgment interest pursuant to 35 U.S.C. §
284, and a further award of post judgment interest, pursuant to 28 U.S.C. §1961, continuing until

such judgment is paid;

       E.     For such other relief to which Plaintiff is entitled under the applicable United

States laws and regulations or as this Court deems just and proper.


Dated: March 28, 2024                  Respectfully submitted,

                                     /s/ Joseph J. Zito

                                Joseph J. Zito

                                1250 Connecticut Avenue, NW, #700

                                Washington, DC 20036

                                202-466-3500

                                jzito@dnlzito.com

                                *Attorneys for Plaintiff*

                                *Factor2 Multimedia Systems, LLC*